IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Van Raymond Brollini,<br><br>    Defendant. | No. CR 13-574-TUC-CKJ (BGM)<br><br>**ORDER** |

On May 4, 2018, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R and R") (Doc. 79) in which he recommended the Motion for Bill of Particulars (Doc. 44), the Motion to Strike (Doc. 45), the Motion to Suppress (Doc. 46), and the Motion to Dismiss Counts One and Two of the Indictment (Doc. 47) filed by Van Raymond Brollini ("Brollini") be denied.[1]  The R and R notified the parties that they had fourteen days from the date of being served with the copy of the Report and Recommendation to serve and file any objections.

---

[1] While not all of the pending motions require the issuance of a report and recommendation, L.R.Crim.P. 57.6(d)(1) ("A Magistrate Judge may hear and determine a procedural or discovery motion or other pretrial matter in a civil or criminal case other than the motions which are specified in 28 U.S.C. § 636(b)(1)(A)"); 28 U.S.C. § 636(b)(1)(A) (the specified motions are "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action").  However, there is nothing prohibiting the issuance of a report and recommendation in such circumstances.

Brollini filed objections to the R and R. (Doc. 83). The government has filed a response (Doc 85).

The Court has reviewed the Motion for Bill of Particulars (Doc. 44), the Motion to Strike (Doc. 45), the Motion to Suppress (Doc. 46), and the Motion to Dismiss Counts One and Two of the Indictment (Doc. 47), the responses (Docs. 61, 62, 63, 64), the replies (Docs. 72, 74, , and related documents (Doc. 52, 69, 79, 83, 84). Brollini has requested this matter be set for oral argument. However, the issues are fully presented in the briefs and the Court finds it would not be assisted by oral argument. The Court declines to schedule this matter for oral argument. LRCiv 7.2(f); LRCrim 12.1(a).

*Standard of Review*

The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")

*Factual Findings*

Brollini objects to the lack of specific factual findings by the magistrate judge. In this case, testimony was not presented to the magistrate judge. Rather, the parties submitted briefs, written exhibits, and argument to the magistrate judge.

Although the R & R does not include a separate statement of specific findings of facts, the R & R includes implicit findings of facts (e.g., the R & R states that Brollini "began evading his taxes beyond the six year limitations period" (Doc. 79 at 6)). Moreover,

although the statute authorizes reference to a magistrate judge to prepare a report and recommendation that may include findings facts, the statute does not necessarily require specific factual findings. Indeed, there may be an undisputed factual record where only legal conclusions must be made. *See e.g.* 91 C.J.S. United States Magistrates § 11 ("If a magistrate decides on an undisputed factual record . . .").

Generally, it appears the issues before the Court do not depend on disputed facts. It is the significance of the undisputed facts, as applied to legal principles, that must be decided in resolving the pending motions. The Court, therefore, will overrule this objection.

*Statute of Limitations*

Brollini asserts the R & R incorrectly relies on a single case, *United States v. Ferris*, 807 F.2d 269 (1st Cir. 1986). Rather, Brollini asserts the crimes charged in Counts One and Two are not continuing offenses, but were complete once each element of the offenses occurred, and are barred by the statute of limitations. *Toussie v. United States*, 397 U.S. 112 (1970). However, the Ninth Circuit has stated that a "charge of tax evasion under 26 U.S.C. § 7201 'is timely so long as it is returned within six years of an affirmative act of evasion,' even if the evasion first began outside the period." *United States v. Murphy*, 824 F.3d 1197, 1206 (9th Cir. 2016) (quoting *United States v. DeTar*, 832 F.2d 1110, 1113 (9th Cir. 1987)). Brollini's reliance on out-of-circuit authority, *United States v. Yashar*, 166 F.3d 873 (7th Cir. 1999), does not refute the precedent of the Ninth Circuit. Indeed, the *Yashar* court acknowledged that the Ninth Circuit, "in a case which did not involve the statute of limitations," 166 F.3d at 878, reached a conclusion different than that reached by the *Yashar* court.

Here, Brollini is alleged to have engaged in affirmative acts of evasion (e.g., disguising ownership of assets, making payments to the IRS by means of fraudulent checks) within six years of the charging document. While some evasive acts are alleged to have occurred more than six years prior to the filing of the indictment, other acts are alleged to have occurred after that time period. The Court agrees with the conclusion of the magistrate

1 | judge that "the limitations period [did] not commence until the last act of evasion." R & R,
2 | p. 6. The Court will overrule this objection.

*Duplicitous Counts*

Brollini argues Counts One and Two are duplicitous. An indictment is duplicitous when two or more distinct and separate offenses are joined in a single count. *United States v. Ramirez-Martinez*, 273 F.3d 903 (9th Cir. 2001); *see alos U.S. v. Mancuso*, 718 F.3d 780, 792 (9th Cir. 2013) . The Ninth Circuit Court of Appeals has stated that the indictment itself has to be looked at to determine "whether it may fairly be read to charge but one crime in each count." *United States v. Morse*, 785 F.2d 771 (9th Cir. 1986). In determining whether offenses are duplicitous, courts are to assess whether an indictment can be read as charging only one violation in each count. *Mancuso*, 718 F.3d at 790. Where an indictment is duplicitous, a defendant's Sixth Amendment right to know the charges against him and Fifth Amendment protection against double jeopardy are compromised. *United States v. King*, 200 F.3d 1207, 1212 (9th Cir. 1999). Indeed, a jury could render a guilty verdict without reaching a unanimous verdict if an indictment is duplicitous. *United States v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006).

The Ninth Circuit has stated that a "§ 7212(a) charge was not duplicitous because the nine discrete acts of interference alleged in the indictment 'merely state[d] multiple ways of committing the same offense.'" *Murphy*, 824 F.3d at 1206 (citation omitted). Indeed, "there is no bar to stating a charge in a single count if a statute is read to create a single crime but provides for various ways to commit it." *United States v. Ochoa*, 861 F.3d 1010, 1018 (9th Cir. 2017) (quoting 1A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 142 (4th ed.)).

Here, the allegation is that Brollini made a concerted effort to evade the payment of taxes and to interfere with the administration of the tax laws over a number of years. A defendant may be charged with multiple years of tax evasion in a single count alleging a "consistent, long-term pattern of conduct" directed at the evasion of taxes over those years. *United States v. Root*, 585 F.3d 145, 151 (3rd Cir. 2009) (government may charge tax evasion covering several years in a single count alleging a consistent, long-term pattern of conduct directed at the evasion of taxes over those years). Moreover, if needed, the Court can give a special unanimity instruction to ensure the jury does not find Brollini guilty "without having reached a unanimous verdict on the commission of a particular offense." *Murphy*, 824 F.3d at 1206 (citation omitted). The Court will overrule this objection.

*Surplusage – Motion to Strike*

Brollini asserts language should be stricken from the indictment. Specifically, Brollini asserts the indictment seeks to prosecute him for exercising his right to file a lawsuit. Because he has a right to access to the courts as an aspect of his First Amendment right to petition the government for redress of grievances, *Bill Johnson's Restaurants v. NLRB*, 461 U.S. 731, 741 (1983), and a right to free speech, *NAACP v. Button*, 371 U.S. 415 (1963), Brollini argues the indictment improperly charges him for exercising those rights.

However, Brollini does recognize that those rights may be restricted where a lawsuit is a mere sham. Indeed, petitions to induce lawful governmental action are immune from attack. *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers v. Pennington,* 381 U.S. 657 (1965). This includes an immunity for seeking relief in the courts. *California Transport v. Trucking Unlimited*, 404 U.S. 508 (1972). Brollini argues that his lawsuit cannot be considered a mere sham because it was not part of a pattern of baseless, repetitive claims. *Cal. Motor Trans. V. Trucking Unlimited*, 404 U.S. 508, 513 (1972). Rather, he only filed one lawsuit seeking only declaratory relief.

1  However, a single lawsuit is sufficient to invoke the sham exception. *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1255 (9th Cir. 1982) ("it is unnecessary to allege and prove more than the institution of a single suit or protest to invoke the sham exception"). Moreover, in this case, while there may have only been a single lawsuit, it was part of a pattern of evasive and interfering conduct. Indeed, Brollini did not even choose a recognized option for challenging the tax laws: "[h]e could have paid the taxes allegedly due, filed a refund claim, and if denied, brought suit in federal court[;] [or] . . . [h]e could also have challenged the government's claims of tax deficiencies in the Tax Court without first paying the tax." *United States v. Kuball*, 976 F.2d 529, 531 (9th Cir. 1992). Additionally, as pointed out by the government:

> First, on its face, the complaint against the revenue officer contains no reference to the tax laws or any challenge thereto. Second, defendant himself denied that the suit had anything to do with the tax laws, vehemently asserting that the issue in his case was "'not that of a tax related matter.'" *See Brollini v. Jane Doe aka Ann Taylor*, CV 09-0349-TUC-CKJ, Slip Op. at 5 (Doc. 29, 12/18/09).

Response (Doc. 84), p. 6.

"Words that are employed in an indictment that are descriptive of that which is legally essential to the charge in the indictment cannot be stricken as surplusage." *United States v. Root*, 366 F.2d 377, 381 (9th Cir.1966) (citing *Butler v. United States*, 20 F.2d 570 (8th Cir.1927). The allegations complained of by Brollini are descriptive of conduct that is essential to the charges and are not protected.

Moreover, Brollini's efforts to renounce his citizenship are not entitled to any more protection than Brollini's sham efforts to petition the government. As alleged by the government, Brollini's actions were part of the pattern of conduct to evade and interfere with the tax laws.

Brollini also asserts that the first three paragraphs of the indictment should be stricken as prejudicial. Surplus language may be stricken "to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983); *see also* Fed.R.Crim.P. 7(d). The introductory paragraphs are relevant to the offenses with which Brollini is charged. *See*

*United States v. Cutting*, No. 14-CR-00139-SI-1; 17-CR-0013, 2017 WL 3394167, at *3 (N.D. Cal. Aug. 8, 2017); *United States v. Watt*, 911 F. Supp. 538, 554 (D.D.C. 1995) (introductory paragraphs provided background and placed allegations in context).

The Court will overrule these objections.

*Suppression of Bank Records*

While Brollini concedes that *United States v. Miller*, 425 U.S. 435 (1976), supports the IRS's use of summonses to obtain bank records, he argues that more recent Supreme Court cases signal a shift away from the reasoning in that case. *See e.g.,United States v. Jones*, 565 U.S. 400, 417 (2012) (Sotomayor, J., concurring); *Riley v. California*, 134 S. Ct. 2473, 2490 (2014). Indeed, Brollini argues the Supreme Court will decide a case yet this term that addresses privacy issues when items are in the possession of third-parties. *See United States v. Carpenter*, 819 F.3d 880 (6th Cir. 2016), (cert. granted, 137 S. Ct. 2211 (2017)).

Nonetheless, this Court must follow the binding precedent of the Ninth Circuit. *See In re Osborne*, 76 F.3d 306, 309 (9th Cir. 1996) (judicial precedents furnish "the rule for the determination of a subsequent case involving identical or similar material facts and arising in the same court or a lower court in the judicial hierarchy"); *United States v. Mikhel*, 889 F.3d 1003, 1025 n. 4 (9th Cir. 2018) (citation omitted) (whether a different answer to a constitutional question is appropriate "is for the Supreme Court to decide . . . [this Court is not authorized] to overrule Supreme Court precedent 'even where subsequent decisions or factual developments may appear to have significantly undermined the rationale for [an] earlier holding.'").

The Court agrees with the magistrate judge's conclusion based on *Miller* and will overrule the objection.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 79) is ADOPTED.
2. The Motion for Bill of Particulars (Doc. 44), Motion to Strike (Doc. 45),

Motion to Suppress (Doc. 46), and Motion to Dismiss Counts One and Two of the Indictment (Doc. 47) are DENIED.

DATED this 19th day of June, 2018.

_____
Cindy K. Jorgenson
United States District Judge