**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, )<br>　　　　Plaintiff, )<br> )<br>vs. )<br> )<br>Van Raymond Brollini, )<br>　　　　Defendant. )<br>_____ ) | No. CR 13-574-TUC-CKJ<br>**ORDER** |

　　　　Pending before the Court in part is the Motion in Limine filed by the government (Doc. 140). Oral argument was presented to the Court on August 28, 2019; the Court took under advisement the issue of whether secondary sources, expected to be offered by Defendant Van Raymond Brollini ("Brollini"), should be excluded. The Court has reviewed the materials.

　　　　Brollini has provided secondary sources to the government and has indicated he will offer them as exhibits at trial. The secondary sources include a book entitled *IRS Humbug, IRS Weapons of Enslavement*, a Memorandum, and a video. The government asserts the defense materials are irrelevant, inflammatory, include prejudicial information and hearsay, and will confuse the jury. Brollini argues, however, that he is entitled to introduce evidence of the materials he has relied on in forming his opinions. Indeed, Brollini asserts that, if the jury is permitted to have the *Truth About Frivolous Tax Arguments* material during deliberations, the jury should also have the materials relied upon by Brollini. Brollini argues if the IRS document is permitted to accompany the jury but Brollini's materials are not, the IRS document is effectively being vouched for, i.e., it makes a distinction between legitimate and illegitimate materials, effectively telling the jury Brollini was unreasonable or illogical

1 in relying on information other than what was produced by the IRS. During argument, defense counsel stated the materials were not being offered to show what the law is, but to show these materials were part of the influence on Brollini and were the sources Brollini relied on in forming his conclusions; i.e, the admission is not to provide a statement of the law, but to show the information available to Brollini.

Brollini points out that, in *United States v. Powell*, 955 F.2d 1206 (9th Cir. 1991), the court determined that "statutes or case law upon which the defendant claims to have *actually relied* are admissible to disprove [willfulness.]" In making this statement, the court cited to *United States v. Willie*, 941 F.2d 1384, 1391–99 (10th Cir.1991). The *Willie* court pointed out that "'[w]illfulness] is defined as the 'voluntary, intentional violation of a *known legal duty*.'" 941 F.2d at 1392 (citation omitted, emphasis in original). The court further stated:

> To be a relevant defense to willfulness, then, Willie, because of his belief or misunderstanding, must not have known he had a legal duty. [*Cheek v. United States*, 498 U.S. 192, 202, 111 S.Ct 604, 611, 112 L.Ed.2d 617 (1991) (defendant must be "ignorant of his duty"). Thus, his belief must be descriptive—he must believe the law does not apply to him. A normative belief that the law should not apply to him leaves Willie fully aware of his legal obligations and simply amounts to a disagreement with his known legal duty and a "studied conclusion . . . that [the law is] invalid and unenforceable." *Id*. at 612–13. In *Cheek*, the Supreme Court stated that "a defendant's views about the validity [or constitutionality] of the tax statutes are irrelevant to the issue of willfulness [and] need not be heard by the jury . . . [I]t makes no difference whether the claims of invalidity are frivolous or have substance." *Id*. at 613. Thus, a defendant's good faith belief that he has no legal obligation to file and evidence showing the reasonableness of that state of mind is relevant. But, proof of the reasonableness of a belief that he should not have a duty only proves the reasonableness of the defendant's disagreement with the existing law and is, therefore, properly excluded as irrelevant.
>
> It is apparent that it is a delicate task to differentiate between a belief that the law should be different and a belief that the law is different . . .

*Id*. Additionally, the Ninth Circuit has stated:

> Although a district court may exclude evidence of what the law *is or should be, see United States v. Poschwatta*, 829 F.2d 1477, 1483 (9th Cir.1987), *cert. denied*, 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988), it ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant thought the law was in § 7203 cases because willfulness is an element of the offense.

*Powell*, 955 F.2d at 1214 (emphasis in original).

The Court recognizes that it may preclude a defense theory where "the evidence, as

described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense[,]" *United States v. Boulware*, 558 F.3d 971, 974 (9th Cir. 2009) (citation omitted)[,] and considers the admissibility of the evidence in light of this principle. Here, Brollini is not offering the materials to show what the law is, but to show the materials available to him and upon which he relied. It appears this evidence is relevant to Brollini's alleged good faith belief that he had no legal obligation and to show the reasonableness of that state of mind. This is evidence that is relevant to a jury's determination of whether Brollini knew he was voluntarily and intentionally violating a known legal duty. For example, the government points out some issues that it believes indicates the video is irrelevant: violating and ignoring statutory requirements. However, this arguably goes to Brollini's good faith belief as to any known legal obligation as set forth in relevant statutes. The government's argument addresses the weight of the evidence, not its admissibility. The parties will be able to argue whether this evidence, while considering the government evidence (e.g., the *Truth About Frivolous Tax Arguments* material), establishes whether Brollini had a good faith belief he had no legal obligation. The Court finds this evidence is admissible.

Further, as this evidence is relevant and admissible, the Court finds it is appropriate for this evidence to go to the jury during deliberations. However, the Court finds the danger of unfair prejudice of the discussion in the video regarding the acquittal in federal court of a commentator substantially outweighs the probative value, Fed.R.Evid. 403. The Court finds, therefore, this discussion must be redacted from the video.

Accordingly, IT IS ORDERED the government's Motion in Limine as to the admissibility of secondary sources (Doc. 140) is DENIED. However, the defense shall redact the discussion regarding the acquittal of the commentator from the video.

DATED this 21st day of October, 2019.

_____
Cindy K. Jorgenson
United States District Judge