**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,            )<br>            )<br>       Plaintiff,            )<br>            )<br>vs.            )<br>            )<br>Van Raymond Brollini,            )<br>            )<br>       Defendant.            )<br>_____)  | No. CR 13-574-TUC-CKJ (DTF)<br><br>**ORDER** |

   Pending before the Court is the Motion for Costs of Prosecution (Doc. 208) filed by the government. Van Raymond Brollini ("Brollini") has filed a response (Doc. 212) and the government has filed a reply (Doc. 214). The Court granted the motion at the time of sentencing and this Order follows.

   The government requests an order directing Brollini to pay $6365.13 for the costs of prosecution in this case. 26 U.S.C. §§ 7201, 7203. While Brollini does not dispute this authority, he argues the government has identified the prosecution costs by witness rather than by counts.

   As discussed by the parties, Brollini was convicted of one count of tax evasion (Count I) and four counts of failure to pay taxes (Counts III-VI). The offense statutes for which Brollini was convicted include the mandatory assessment of certain expenses authorized as recoverable costs of prosecution. 26 U.S.C. §§ 7201, 7203. Brollini was also convicted on one count of corrupt interference with tax administration pursuant to 26 U.S.C. §7212. This statute does not authorize an assessment for the costs of prosecution. Additionally, Brollini was acquitted on the charge of the use of a false social security number.

Brollini points out that there was evidence presented at trial that pertained only to Counts Two and Seven. However, there is no showing the government is seeking to "assess against [Brollini] the costs associated *exclusively* with [Count II or] . . . or his acquittal on Count [VII]." *United States v. Fowler*, 794 F.2d 1446, 1450 (9th Cir. 1986). Rather, none of the witness for which the government seeks costs testified exclusively as to Counts II or VII. The government summarized the testimony as follows:

> As to the witnesses, moreover, five gave testimony regarding issues as the heart of the evasion and failure to file counts on which defendant was convicted, and three (Taylor, Ploudre, and E. Brollini), gave testimony that was germane to both these issues and those underlying the corrupt interference count on which defendant was convicted but for which costs are not allowed. Granted, one witness (Mike Thackray) testified at length regarding facts that were central to Count 7's charge of use of a false social security number—the count on which defendant was acquitted—as well as facts germane to the corrupt interference count, but this testimony was equally relevant to issues underlying the evasion and failure to file claims.

Reply (Doc. 214, p. ). The consideration of the content of the witnesses' testimony allows the Court to allocate the costs for the counts for which an assessment is appropriate, but not for which Brollini was acquitted and for which the Court is not authorized. *See generally United States v. Bussell*, 414 F.3d 1048, 1061 (9th Cir. 2005). Additionally, the transcripts of Brollini's trial testimony and the grand jury proceedings cannot be said to have been prepared exclusively for Counts II and/or VII.

The Court finds the "government is therefore entitled to recover the full costs of [Brollini's] successful prosecution [of Counts I and III-VI], notwithstanding [the conviction of Count II and his acquittal on Count VII,]" *Fowler*, 794 F.2d at 1450, in the amount of $6365.13.

Accordingly, IT IS ORDERED:

1. The Motion for Costs of Prosecution (Doc. 208) is GRANTED.

2. Van Raymond Brollini shall pay $6365.13 for the costs of prosecution of Counts I and III – VII in this case.

DATED this 10th day of November, 2020.

_____
Cindy K. Jorgenson
United States District Judge